ELIZABETH RICE *vs.* EDWIN H. LOOMIS & another.

Suffolk.   March 9. — May 11, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A lease of a house was executed, the lessee "to hold for the term of one year" from a certain date, paying a certain rent per annum.  The lessee covenanted to pay the rent in equal monthly instalments, in advance, on the first day of each month, during the tenancy, "and to pay the rent as above stated during the term, and also the rent as above stated for such further time as the lessee may hold the same."  On the back of the lease was a writing, by which the signer guaranteed to the lessor "the payments of the rent" stipulated in the lease. *Held*, that, if the lessee held over after the expiration of the year, and failed to pay rent for such further time, the guarantor was liable.

CONTRACT, to recover $102.71, upon the following instrument in writing, signed by the defendants and indorsed on a lease of a house in Boston, executed by the plaintiff as lessor and by A. L. Baker as lessee: " Boston, November 1, 1881.  In consideration of the within lease to said A. L. Baker, we hereby guarantee to said Elizabeth Rice the payments of the rent therein stipulated."

Trial in the Superior Court, without a jury, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows :

The lease referred to in the instrument declared on was dated November 1, 1881, and contained the following clause : " To hold for the term of one year from the first day of November, eighteen hundred and eighty-one, yielding and paying therefor the rent of $800 per annum, and the water rates of the city of Boston.  And said lessee does promise to pay the rent in equal monthly instalments of $66.66, in advance, on the first day of each and every month, during her tenancy, . . . . and to pay the rent as above stated, and city water rates, during the term, and also the rent as above stated, and water rates, for such further time as the lessee may hold the same."

On the same day, and before the delivery of the lease, the defendants signed the instrument declared on, at the request of the plaintiff's agent.  The lessee entered into possession of the premises under the lease, and continued in possession thereof until June 23, 1883, at which time she left the premises, the sum of $102.71 being then due from her for rent, all of which

had accrued after May 1, 1883. All the rent was paid up to November 1, 1882, and afterwards until May 1, 1883. Some months prior to November 1, 1882, there was default in the payment of rent by the lessee, and one of the defendants, upon demand by the lessor, paid the amount of the rent in default. During May and June, 1883, there was a default in the payment of rent by the lessee of $102.71, the amount claimed in the declaration, and demand therefor was duly made upon the defendants, who refused to pay. It was undisputed that there was good consideration for the signing of said writing by the defendants.

On these facts, which were undisputed, the defendant asked the judge to rule that the action could not be maintained. The judge refused so to rule, ruled that the plaintiff was entitled to recover, found for the plaintiff for the amount claimed, and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered for the plaintiff for the amount claimed; otherwise, for the defendants.

*C. Almy, Jr.,* for the defendants, cited *Brewer* v. *Knapp*, 1 Pick. 332; *Elliott* v. *Stone*, 1 Gray, 571; *Edwards* v. *Hale*, 9 Allen, 462; *Pearsall* v. *Summersett*, 4 Taunt. 593; *Tayleur* v. *Wildin*, L. R. 3 Ex. 303; *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *Brewer* v. *Thorp*, 35 Ala. 9.

*J. H. Appleton*, for the plaintiff.

C. ALLEN, J. According to the usage in this Commonwealth, the word " rent " applies as well to payments made by a tenant at will or at sufferance, as to those made by a tenant for years. Pub. Sts. *c.* 121, §§ 3, 4, 5, 12. By the terms of the lease, the lessee promised to pay the rent of eight hundred dollars for the term of one year, " and also the rent as above stated for such further time as the lessee may hold the same." Upon the back of the lease, and before the delivery thereof, the defendant guaranteed to the lessor " the payments of the rent therein stipulated." Upon the facts stated in the report, we think this guaranty includes the payments which became due after the expiration of the term of one year. The holding over was continuous, and without any new contract between the lessor and the lessee ; no change was made to take the case outside of what was provided for in the lease. No new tenancy

supervened. The case was precisely that which was contemplated by the provision for the payment of rent for such further time as the lessee might hold the same. Giving a fair effect to the words of the guaranty, it must be held to include this part of the lessee's stipulation, as well as that which relates to the first year of his tenancy. The case falls within the decision in *Salisbury* v. *Hale*, 12 Pick. 415, where the language of the lease was strikingly similar; and is distinguishable from the cases cited for the defendant.                *Judgment for the plaintiff.*