FREDERICK WARREN *vs.* WILLIAM LYONS & another.

Suffolk.     March 24, 1890. — October 24, 1890.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Lease — Guaranty of Rent — Discharge by New Contract.*

A guarantor of the payment of the rent reserved in a lease, containing no renewal or extension clause, "in the manner therein mentioned" during the term and for such further time as the lessee should hold, is discharged, if, without notice to him, the lessee continues in occupation beyond the term as tenant at will, under a new agreement with the lessor made before the term expired, at a rent different for a time, but thereafter at the same rate as that reserved in the lease.

BILL IN EQUITY, under the Pub. Sts. c. 136, § 29, against the residuary devisees and legatees under the will of John Nagle, upon his guaranty of a lease. *Holmes*, J. reserved the case for the consideration of the full court, in substance as follows.

The lease, which was dated April 21, 1882, and given by the plaintiff to one Patrick Dacey, covered premises consisting of a store in Boston, and was for the term of five years from May 1, 1882, reserving rent at the rate of twelve hundred dollars yearly for the first four years, and thirteen hundred dollars yearly for the fifth year, by equal monthly payments of one hundred dollars on the first day of each and every month for the first four years, and one hundred and eight and $\frac{33}{100}$ dollars on the first day of each and every month during the fifth year, and at that rate for

such further time as the lessee should hold the leased premises, or any part thereof. By a writing under seal upon the lease, and bearing the same date, Nagle guaranteed to the plaintiff and his assigns, " the true and punctual payments of the rents and water taxes, and in the manner therein mentioned."

The defendants' liability was admitted, unless the guaranty was discharged by the facts hereinafter stated. Before the lease expired, the plaintiff, at the request of the lessee and without notice to Nagle, reduced the rent after the term from $108.33 per month to $100 per month. This continued for one year from the end of the term, and then the rate of $108.33 was resumed, also without notice to Nagle. The lessee paid at this rate up to March 1, 1889, and occupied without paying any rent from March 1 to May 10, 1889, for which time it is sought to charge the defendants. No notice of the lessee's failure to pay rent was given to Nagle or to his representatives until May 31, 1889.

If the defendants were liable, a decree was to be entered for $252.77 and interest; otherwise, the bill was to be dismissed.

*G. E. Betton*, for the plaintiff.

*C. F. Donnelly*, for the defendants.

W. ALLEN, J. The defendants' testator, John Nagle, in consideration of the execution of the lease, guaranteed the payment of the rents in the manner therein mentioned. The lease provided for the payment of a certain rent during the term. No question arises in regard to this. It also provided for the payment of rent at the same rate for such further time as the lessee should hold the premises. If the lessee held over under no other agreement than was contained in the lease, he would be a tenant at sufferance; and the covenant which he made, and which Nagle guaranteed, was in effect that he would pay rent at a certain rate while he continued a tenant at sufferance. Pub. Sts. c. 121, §§ 3–5. *Salisbury* v. *Hale*, 12 Pick. 416. *Edwards* v. *Hale*, 9 Allen, 462. *Emmons* v. *Scudder*, 115 Mass. 367. *Rice* v. *Loomis*, 139 Mass. 302. Neither the covenant nor the guaranty embraced a holding under a new lease. Before the expiration of the term, the lessor and the lessee made an agreement, the effect of which was that at the expiration of the term the lessee came into the occupation of the premises as tenant at

will, at a monthly rent different from that mentioned in the lease, and that occupation continued for nearly two years before there was any default in the payment of rent.

The question here is not merely whether the creditor has done some act which impairs the security or enhances the risk of the guarantor; but it relates to the subject matter of the guaranty, — whether the contract broken is the contract the performance of which is guaranteed. The guarantor cannot be held to a contract different from the terms of his guaranty, even though it be apparently more beneficial to him. In *Bacon* v. *Chesney*, 1 Stark. N. P. 192, there was a guaranty of goods to be supplied on eighteen months' credit. The goods were furnished on twelve months' credit, and at the end of eighteen months the guarantor was called on. Lord Ellenborough held that he was not liable, saying, " The claim as against a surety is *strictissimi juris*, and it is incumbent on the plaintiff to shew that the terms of the guarantee have been strictly complied with." In *Holme* v. *Brunskill*, 3 Q. B. D. 495, where a surrender of a small part of leased premises and a corresponding reduction of rent, which the jury found to be immaterial, was held to discharge a guarantor, the court say, at page 505: " If it is not self-evident that the alteration is unsubstantial, or one which cannot be prejudicial to the surety, the court will not, in an action against the surety, go into an inquiry as to the effect of the alteration, or allow the question whether the surety is discharged or not to be determined by the finding of a jury as to the materiality of the alteration, or on the question whether it is to the prejudice of the surety, but will hold that in such a case the surety himself must be the sole judge whether or not he will consent to remain liable notwithstanding the alteration, and that if he has not so consented he will be discharged." To the same effect is *Whitcher* v. *Hall*, 5 B. & C. 269. *Miller* v. *Stewart*, 9 Wheat. 680, which was against a surety on the bond of a deputy collector, reciting his appointment as collector for eight townships, decided that an alteration to nine townships was fatal, on the ground that there was an alteration of the subject matter. Mr. Justice Story says of the surety: " To the extent, and in the manner, and under the circumstances, pointed out in his obligation, he is bound, and no farther. It is not sufficient that he

may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal." See also *Dobbin* v. *Bradley*, 17 Wend. 422, and *Birckhead* v. *Brown*, 5 Hill, (N. Y.) 634.

In the case at bar, there is no provision for the renewal or extension of the lease, and the provision is for the payment of rent for further occupancy after the expiration of the lease. The covenant is to pay the rent specified, or at that rate, while holding over the term, not while occupying under a new contract and another lease. As before said, while holding over the term without a new contract, the lessee would be a tenant at sufferance, and as such liable to pay rent, to which his covenant would apply. When by a new contract he should become a tenant at will, he would cease to hold over the term, and would be in under the new contract, to which the covenant to pay rent would not apply. In *Salisbury* v. *Hale, ubi supra*, the provisions in regard to rent did not differ much from those in the case at bar. Chief Justice Shaw said, " The natural import of this language is, a covenant not only to pay the rent during the term, but in the contingency of holding over the term, to pay the same rent, for such further time as he should hold over." It was found that no new lease or express contract was made between the lessor and lessee, and the defendant was held liable for rent that accrued two years after the expiration of the lease, on his guaranty that the tenant would perform his covenants.

*Edwards* v. *Hale, ubi supra*, was an action to recover two quarters' rent. The defendant had entered under a lease very similar in its provisions in regard to rent to the case at bar, except that the rent was payable quarterly, and the covenant was to pay the quarterly rent. The lessee held over after the expiration of the lease, and fifteen days thereafter informed the lessor that he intended to vacate the premises. The lessor claimed that the lessee was a tenant at will, and must give notice. The lessee claimed that he was a tenant at sufferance, and could quit at any time. The lessee continued to occupy until two and a half months after the expiration of the lease, when he left, the lessor refusing to accept a surrender of the premises. At the expira-

tion of one quarter after the term, the lessor demanded a quarter's rent, and the lessee tendered him the amount *pro rata* to the time he quitted the premises. The action was by the lessor, after the expiration of another quarter, to recover two quarters' rent. The question was whether the lessee was a tenant at will or a tenant at sufferance after the expiration of the written lease. The court say : " If the lease had been silent as to such holding over, the defendants would have been tenants at sufferance. . . . In order that a new estate at will shall exist, there must be a new contract, either express or inferrible from the dealings of the parties. . . . But the lease in the present case contains certain stipulations on the subject of holding over, and it is necessary to consider their effect." After stating the provisions of the lease the court proceed : " These covenants for the payment of rent, in case the lessees shall hold over, do not give them the right to hold over. In *Salisbury* v. *Hale,* 12 Pick. 422, it is said by Shaw, C. J. that ' if a party covenants to pay rent beyond the term, though it does not enlarge or alter the term, it is still a valid contract, and the law will give it effect.' As it does not enlarge or alter the term, neither does it create an estate at will at the expiration of the term. The holding over is without right on the part of the tenant, and it is through the laches of the landlord, and not by his agreement. 4 Kent Com. (6th ed.) 117. He may at any time enter and expel the tenant ; and the correlative right of the tenant is to quit at any time. Neither is bound to give notice to the other of his intent to terminate the occupation. The effect of the covenant is to fix the amount of rent which the tenant shall pay for his holding over." The court said, that the facts did not show that an estate at will was created by any new contract, express or implied, and that the plaintiff was entitled, according to the terms of the lease, only to a *pro rata* rent during the time the defendant held over.

*Rice* v. *Loomis, ubi supra,* was an action upon a guaranty for the payment of rent, which the lessee covenanted to pay monthly during the tenancy, and also for such further time as the lessee might hold the same. The lessee held over, and the action was for rent which accrued several months after the termination of the term. The defendant was held liable. The court say: "The holding over was continuous, and without any new contract

between the lessor and the lessee; no change was made to take the case outside of what was provided for in the lease. No new tenancy supervened." In *Emmons* v. *Scudder, ubi supra,* it was held that a tenant who continued in possession after the expiration of a lease for years was a tenant at will, because he occupied under a new agreement. The court say, that when a lessee remains in possession at the expiration of his term, and no new agreement is made, he becomes a tenant at sufferance, but when there is a new contract, express or implied, from the acts of the parties, and the lessee occupies under it, he becomes a tenant at will.

In neither of the cases against guarantors just cited does the court refer to the question what dealings between the lessor and the lessee, in paying and receiving rent after the termination of the lease, may be sufficient to prove the new relation of landlord and tenant at will between them, and there is no occasion to consider that question here. The report finds that before the lease expired the rent after the term was by mutual agreement reduced to one hundred dollars a month, and that after one year it was increased. This occupancy with the consent of the lessee at an agreed rent, means a lease at will by a monthly rent, which neither party can terminate except by the notice required to terminate a lease at will. There was a new contract and a holding different from the holding over contemplated by the covenant, which was detrimental to the guarantor, in that neither the lessor nor the lessee could determine it without a month's notice, and differing also in the rent reserved. The decrease in rent, while it would diminish the extent of the liability of the guarantor, if he continued liable, was detrimental to him, because it offered an inducement to the lessee. It was for the interest of the guarantor that the rent should not continue after the expiration of the term. Offering the premises at a lower rent after the lease expired was, in effect, paying the lessee a premium to continue as tenant at will, and might discharge the guarantor, even if the lessee remained liable on his covenant to pay rent. But it seems that the lessee was not liable on his covenant for the rent which accrued after the expiration of the term. His covenant was to pay the rent reserved in the lease, or $108.33 a month. He clearly was not

liable for that, because he occupied, not as holding over under the lease, but under an oral agreement to pay one hundred dollars a month. He was not liable on his covenant for a rent of one hundred dollars a month, because that was not the rent reserved in the lease, and which he covenanted to pay. Had he been sued on his covenant, the larger sum must have been demanded as the rent reserved, and he could not defend by setting up an oral agreement that the rent reserved should be less; his defence would be, that he was not holding over under the lease, but was occupying under a new agreement and a new tenancy, to which the covenant in the lease did not apply.

But however it may be as to the lessee, we think that the guarantor is not liable for the rent which accrued after the termination of the lease, and made under the new agreement, by which the lessee became tenant at will to the lessor, at a different rent from that reserved in the lease. *Bill dismissed.*