## JOHN E. WOODS *vs.* PATRICK DOHERTY.

Suffolk.   March 19, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Lease — Guaranty of Rent — Renewal of Lease.*

A lease was made " for the term of three years " at a certain rent, the lessee " to have the right to renew said lease for the further term of two years, if he shall so elect." A guaranty was given for the " payment of the rent " by the lessee, "according to the terms of the lease, providing said lessee shall live to the end of the term." The lessee elected to renew the lease. *Held,* that the guaranty did not extend to the additional two years.

CONTRACT, on a guaranty by the defendant of the rent reserved in a lease given by the plaintiff to one O'Neil. In the Superior Court, a demurrer to the declaration was sustained, and judgment ordered for the defendant. The plaintiff appealed to this court. The material facts appear in the opinion.

*F. Burke,* for the plaintiff.

*F. S. Hesseltine,* for the defendant.

HOLMES, J. The words of the guaranty declared upon are: " I . . . guarantee the payment of the rent by the within lessee, according to the terms of the lease, providing said lessee shall live to the end of the term," etc. The lease is " to hold for the term of three years," the tenant " yielding and paying therefor the rent of six hundred dollars per annum," and " to have the right to renew said lease for the further term of two years, if he shall so elect." There is the usual covenant " to pay the said rent, . . . and also the rent as above stated for such further time as the lessee may hold the same." The tenant elected to renew the lease, and the only question intended to be raised by the demurrer is whether the guaranty extends to the additional two years.

If there had been no right of renewal, and if the guaranty had not contained the proviso which it does, very possibly the defendant would have been liable if the tenant had held over. *Rice* v. *Loomis,* 139 Mass. 302. See *Salisbury* v. *Hale,* 12 Pick. 416 ; *Warren* v. *Lyons,* 152 Mass. 310. But the proviso in the

guaranty that the lessee shall live to the end of the term implies that the guaranty only extends to the end of the term; and we think that it should be taken in favor of the guarantor, that the term with which the guaranty ends is that which is spoken of as the term in the lease. Whether the tenant on his election to renew the lease held under the old instrument or needed a new one, the lease, as appears in the language quoted, speaks of the first three years as the present term, and calls the period of possible renewal " the further term." We are of opinion that the defendant is not liable for the time covered by the renewal.                        *Judgment for defendant.*