GERMANIA FIRE INSURANCE COMPANY *vs.* HERMANN F. A. LANGE.

Worcester.   October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Evidence*, Extrinsic affecting writings.   *Surety.*   *Bond.*

In an action by an insurance company against the surety on the bond of an agent of the plaintiff given for the faithful performance of his duties, where the defence is that the defendant was discharged from further liability by a change in the contract under which the agent was employed made without the knowledge of the defendant, and where the contract is not described fully in the bond, it is competent for the defendant to prove by oral evidence the terms of the contract between the plaintiff and its agent to show the nature and extent of the defendant's liability.

A surety on a bond is discharged from further liability by a substantial change in the conditions to which the bond relates made without his knowledge and consent.

In an action by an insurance company against the surety on the bond of an agent of the plaintiff for a certain city given for the faithful performance of his duties, it appeared that when the bond was given the agent was employed by the plaintiff at a fixed annual salary of $1,800, the plaintiff paying the office expenses and brokers' commissions which amounted to about $2,100 a year, and that nearly nine years after the bond was given a new arrangement was made between the plaintiff and its agent without the knowledge of the defendant, whereby the agent instead of receiving a fixed salary was to be paid a certain commission on all business transacted by him in behalf of the plaintiff and was to pay all the expenses of the business in the city where he was agent including advertising and the salaries of sub-agents, and also became responsible to the plaintiff for all premiums due on policies written by him or his sub-agents and not returned by him to the plaintiff for cancellation.   In other respects his duties were the same as when he received a fixed salary.   If he did as much business under the new arrangement as under the old it would yield him a greater compensation.   *Held*, that there had been a substantial change in the contract to which the bond related and that the defendant was discharged from liability for any breaches of the bond that occurred after the change was made.

CONTRACT by an insurance company against one of the sureties upon a bond dated January 7, 1893, given to the plaintiff by one William G. Lichtenfels and conditioned upon the faithful

performance of his duties as agent of the plaintiff for the city of Worcester.   Writ dated April 21, 1904.

In the Superior Court the case was submitted to *Stevens*, J. upon an agreed statement of facts.   He found and gave judgment for the defendant; and the plaintiff appealed, raising the questions stated in the opinion, where also the material facts sufficiently appear.

*B. W. Potter*, (*P. Potter* with him,) for the plaintiff.

*W. Thayer*, for the defendant.

KNOWLTON, C. J.   The defendant signed a bond as surety for the faithful performance of his duties by one Lichtenfels, as an agent of the plaintiff company for Worcester.   If the bond is applicable to the conditions arising after the change hereinafter stated, there has been a breach of its condition.

At the time of its execution Lichtenfels was employed by the plaintiff as its agent, at a fixed salary of $1,800 per year, the plaintiff paying the office expenses and brokers' commissions, amounting in the aggregate to about $2,100 per annum.   Nearly nine years after the bond was given a new arrangement was made between the plaintiff and this agent, without the knowledge of the defendant, whereby the agent was to receive, instead of a fixed salary, a stated commission on all business transacted by him in behalf of the company, and was to pay all the expenses of the business in Worcester, which included the rent, heating and lighting of the office, the advertising and the salaries of sub-agents.   He also became responsible to the company for all premiums due on policies written by him or his sub-agents and not returned by him to the company for cancellation.   In other particulars his duties were substantially the same as those he was performing while receiving a salary.   If he did as much business under the new arrangement as under the old, it would yield him a greater compensation than his former salary.   The defendant had no knowledge of this change in the arrangement until after the death of Lichtenfels.   The only question in the case is whether this change in the contract between the plaintiff and the agent discharged the defendant from liability for the agent's subsequent defaults.

The bond contains no description of the contract between the plaintiff and Lichtenfels, beyond the statement that he had been

appointed agent for this insurance company for Worcester. But in the condition of the bond many of his duties are mentioned, and the defendant also was told by the parties what the contract was. If he had not been expressly informed of this, he would have been presumed to have contracted in reference to the actual conditions, and to have known what they were, so far as they bore upon the liability assumed. It was therefore competent to prove by oral evidence the terms of the contract between the plaintiff and the agent, to show the nature and extent of the defendant's liability. *Rollstone National Bank* v. *Carleton*, 136 Mass. 226. *Grocers' Bank* v. *Kingman*, 16 Gray, 473. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223.

The general rule is familiar, that a substantial change in the conditions to which such a bond relates, made without the knowledge and consent of the surety, discharges him from further liability. *Warren* v. *Lyons*, 152 Mass. 310, 312. *Grocers' Bank* v. *Kingman*, 16 Gray, 473. *Northwestern Railway* v. *Whinray*, 10 Exch. 77. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223. In *Warren* v. *Lyons* Mr. Justice William Allen reviewed the authorities, and said in the opinion : " The question here is not merely whether the creditor has done some act which impairs the security or enhances the risk of the guarantor ; but it relates to the subject matter of the guaranty, — whether the contract broken is the contract the performance of which is guaranteed. The guarantor cannot be held to a contract different from the terms of his guaranty, even though it be apparently more beneficial to him."

In the present case the question is whether there was a substantial change in the contract to which the bond relates. It seems to us very plain that there was. The case of *Northwestern Railway* v. *Whinray*, 10 Exch. 77, which has been cited and followed in this court, was very similar to this, and fully covers it.

The decision in *Amicable Ins. Co.* v. *Sedgwick*, 110 Mass. 163, was by only a majority of the court, and the change in the contract was much less than the change in the present case, as is pointed out in the opinion. That decision does not sustain the present plaintiff's contention.

*Judgment for the defendant.*