SAMUEL SCHWARTZ vs. AMERICAN SURETY COMPANY OF NEW YORK & others.

Worcester.   November 18, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE & CARROLL, JJ.

Surety. Bond. Waiver. Contract, Ratification.

Where a surety company has become the surety upon a bond of a building contractor, given by him to a landowner for the faithful performance of a contract to build a house on the land of such owner to be completed by November 1 of that year, if without the knowledge of the surety the landowner and the contractor make an agreement extending the time for the completion of the house until Christmas of that year, the surety is discharged.

*Whether* a surety on a bond for the faithful performance of a contract between a landowner and a building contractor can be held under any circumstances to have ratified a further contract made between the landowner and the contractor for their own benefit and convenience, or *whether* the principle of ratification has no application to such a case, here was mentioned as a question which it was unnecessary to pass upon because there was no evidence of the necessary elements of a ratification.

CONTRACT against the American Surety Company of New York, a corporation, as surety, and the Hancock Engineering Company, a corporation, as principal, and also against the assignee of the last named corporation, on a bond given by the Hancock Engineering Company to the plaintiff for the faithful performance by that company of a contract in writing made by it with the plaintiff dated June 22, 1914, to build for the plaintiff a dwelling house on Lenox Avenue in Worcester.   Writ dated January 1, 1915.

In the Superior Court the case was tried before *Morton*, J.   The material evidence is described in the opinion.   The defendant surety asked the judge to make the following rulings:

"10. That upon all the evidence the jury must find that the plaintiff failed to perform the conditions precedent as set forth in the bond, and therefore the plaintiff cannot recover from the defendant the American Surety Company."

"14. That upon all the evidence there was no waiver by this defendant, the American Surety Company.

"15. That there was no evidence of any waiver by any person

authorized to make a waiver for the defendant the American Surety Company."

In the bill of exceptions then followed this statement:

"No written motion was filed by this defendant to direct a verdict unless and except the first request which was 'That upon all the evidence the plaintiff is not entitled to recover' or the above requests shall constitute such a motion."

The judge refused to make any of these rulings. He submitted to the jury four questions, which with the answers of the jury were as follows:

"1. Did the American Surety Company, on December 17, 1914, ratify the action of the plaintiff in extending the time for completion of the building from November 1, 1914, to Christmas, 1914?" The jury answered, "Yes."

"2. Did the plaintiff himself, or by his attorney or architect, contract with the Hancock Engineering Company for extras in excess of the sum of $287.50?" The jury answered "No."

"3. What was the amount reasonably necessary to complete the house according to plans and specifications, including liens paid by the plaintiff?" The jury answered, "$4,610."

"4. Was there a material change in the construction of the house?" The jury answered, "No."

In the bill of exceptions then followed this statement:

"It is agreed that there was no evidence of any breach on the part of the plaintiff other than the alleged breach for failure to notify the surety company of the extension of time for the performance of the contract and that the point of waiver raised is as to whether or not the company waived this alleged breach.",

The judge in his charge to the jury instructed them in part as follows:

"No change could be made in it [the contract] by the plaintiff and the Hancock Engineering Company without the consent of the insurance company, and if such a change was made and it was not thereafter ratified by the insurance company the bond is null and void and the plaintiff cannot recover under it.

"If it was ratified by the surety company, by their agents duly authorized, then a breach of the condition is accepted and would not prevent the plaintiff from recovering.

"There is no question but that the contract called for the com-

pletion upon November 1. There is no question but that it was subsequently changed by agreement of the Hancock Engineering Company and the plaintiff to Christmas of that same year. The time was extended, in other words, from November to Christmas, and it is not claimed that at the time it was done the surety company knew of and assented to it. It is claimed that subsequently, to wit, on December 17, the surety company through its officers who have appeared here was notified of the change knew of the change and knowing of it ratified the change.

"If Mr. Philbrick, or the other officer at that interview, in substance told the parties, Mr. Clark and the plaintiff, to go home and finish the building and the insurance company would pay the bills, or if the representative of the company used words the natural import of which was to indicate that they agreed to be responsible for any demand on any bills given in finishing that building, then they ratified the extension for all time. It must be presumed that they knew that the date was down on the contract as November 1. If they made any such agreement as that in the middle of December, six weeks or more after the contract ought to have been completed and they knew the contract had not been completed by November 1 and with that knowledge, if they made such an agreement, they must be bound by it as a ratification of something which the plaintiff and the defendant could not hold the company to unless ratified.

"You have a right to determine, then, from the testimony of these various witnesses as to what took place, as to what was said at that interview and whether or not a true and fair and reasonable construction of what was said at that time consisted of such a ratification, the burden being upon the plaintiff to satisfy you there was such a ratification."

The defendant surety excepted to the part of the judge's charge quoted above.

The jury returned a verdict for the plaintiff against the defendant surety in the sum of $2,875, the penal sum of the bond, and returned a verdict against the principal on the bond in the sum of $3,275.93. The defendant surety alleged exceptions.

The case was submitted on briefs.

*L. S. Hamburger*, for the defendant surety.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.*, for the plaintiff.

CARROLL, J. The plaintiff (hereinafter called the owner) entered into a written contract with the Hancock Engineering Company (hereinafter called the contractor) for the erection of a house in Worcester. A bond was given to the owner for the faithful performance of the contract, with the contractor as principal and the American Surety Company of New York as surety. The condition was that, if the contractor should indemnify the owner against all loss or damage "directly arising by reason of the failure" of the contractor to perform faithfully the building contract, the bond was to be void, "otherwise to remain in full force and effect."

The contract was dated June 22, 1914. By its terms the house was to be completed November 1, 1914. Without the knowledge of the surety, by agreement of the owner and contractor the time for completion was extended to Christmas, 1914. The surety asked the judge to instruct the jury "That there was no evidence of any waiver by any person authorized to make a waiver for the defendant, the American Surety Company" and "That upon all the evidence there was no waiver by this defendant." The jury, in answer to a question, found that on December 17, 1914, the surety ratified "the action of the plaintiff in extending the time for completion of the building from November 1, 1914, to Christmas, 1914," and returned a verdict for the plaintiff.

The obligation assumed by the surety was that the contractor should complete the building on the first of November, 1914. The extension of time to Christmas, 1914, was a substantial change in the contract and as modified it was not the contract for the faithful performance of which the surety bound itself. The agreement for the extension without its knowledge or consent, discharged the surety. *Greely* v. *Dow*, 2 Met. 176. *Atkins* v. *Boylston Fire & Marine Ins. Co.* 5 Met. 439. *Appleton* v. *Parker*, 15 Gray, 173. *Warren* v. *Lyons*, 152 Mass. 310. There was no evidence that the surety knew of the modification in the contract extending the time of its performance, either when the change was made or subsequently thereto, before the action was brought.

The plaintiff in his brief contends that the time stipulation of the contract was waived, and to show this he relies on certain statements made December 17, 1914, by Philbrick and Roberts, representatives of the American Surety Company. At that time

the plaintiff and his attorney met Philbrick and Roberts at the office of the American Surety Company of New York, in Boston. The plaintiff testified that at this interview Philbrick and Roberts were .told "the Hancock Engineering Company had failed and that now they wanted the company to complete the house," to which Philbrick said, "We will not finish the building, why don't you people go ahead — go ahead and finish — you have that right and produce the bills for us." Although the surety knew that the contractor had not performed its contract, there is nothing in the conversation or in any of the evidence to show that when this conversation took place the surety knew that the contract had been altered and the time for performance had been extended; indeed, there was evidence that the defendant was ignorant of this fact until the time of trial. Assuming, but not deciding, that the representatives of the surety were authorized to waive the terms of the original contract and bind the surety by a new and different agreement from the one stipulated in the bond, there is nothing disclosed in the record to indicate such a waiver. To constitute a waiver there must be knowledge of the right which is claimed to have been waived. *George N. Pierce Co.* v. *Beers,* 190 Mass. 199, 205. When the owner agreed with the contractor to extend the time for performance beyond November 1, the .surety was discharged, and it did not waive the right to rely on this discharge without knowledge of the facts. Even if we assume that all the other elements of waiver are present, there is no evidence to show that the surety knew the time had been extended; nor did the facts disclose anything from which an inference could be drawn that it had knowledge of the modification and change in the contract.

Without intimating that the surety could be held to have ratified.the agreement made by the owner and the contractor for their own benefit and convenience, (see, in this connection, *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 382,) it is enough to say that when the principle of ratification is applicable in order to become effective it must appear that the ratifier had full knowledge of the essential facts of the act or contract to be ratified. *Dickinson* v. *Conway,* 12 Allen, 487. *Manning* v. *Leland,* 153 Mass. 510, 513.

As the case was tried in the Superior Court and on the excep-

tions before us, it is unnecessary to consider the effect of article seven of the building contract, providing for an extension of time if the contractors were delayed in the prosecution of the work through the fault of the owner, the architect, or other contractors employed by the owner, for a period fixed by the architect, if the claim is presented in writing within forty-eight hours after the delay. Nor is it important to pass upon the bearing of article five of this contract, or on the first condition of the bond, requiring notice to the surety within ten days after knowledge of the default of the contractor.

The only questions open on this bill of exceptions are these: Was there any evidence for the jury that the surety ratified the action of the plaintiff in extending the time, and should the surety's request that there was no waiver have been given. In submitting to the jury the question of the ratification and in refusing the surety's request, there was error of law.

We do not deem it necessary to discuss the question raised by the plaintiff in his brief, that no written motion was made by the surety to direct a verdict in its favor. The request of the defendant surety, that on all the evidence there was no waiver, should have been given and the instructions to the jury were wrong.

*Exceptions sustained.*