BOSTON BOX COMPANY, INCORPORATED, *vs.* HARRY ROSEN.

Suffolk.    November 30, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Guaranty. Contract,* Modification. *Landlord and Tenant,* Liability of guarantor of lease. *Corporation,* Dissolution. *Practice, Civil,* Parties.

In a lease of the basement and street floor of a building for one year from January 1 at a monthly rental of $150, it was agreed that the lessor reserved a right to occupy portions of the basement up to April 1. Performance by the lessee of the provisions of the lease was guaranteed by a third party. Before April 1, the lessor and the lessee agreed orally that the lessor might continue to occupy a portion of the basement, paying the lessee $35 a month therefor. The lessee vacated in May. The guarantor contended, in an action against him, that by reason of the oral agreement between the lessor and the lessee he was released from liability. *Held,* that

(1) The oral agreement was an independent agreement collateral to the lease and not altering its terms;

(2) The oral agreement was not prejudicial to the guarantor;

(3) The defendant was not released nor discharged as guarantor.

It appearing, at the trial of the action above described, that the plaintiff endeavored to let the premises described in the lease (less that portion occupied by it) after they had been surrendered by the lessee, but was unable to do so, he was entitled to recover the actual damage sustained.

The mere fact, that a Massachusetts corporation had been enjoined under G. L. c. 156, § 52, from the further prosecution of its business under a decree to that effect entered by the Supreme Judicial Court, does not prevent the corporation from continuing to prosecute an action already begun by it.

CONTRACT for $875.44 upon a guaranty of a lease in writing described in the opinion. Writ dated June 15, 1923.

In the Superior Court, the action was heard by *Sisk,* J., without a jury, upon an agreed statement of facts. Material facts and rulings by the trial judge are described in the

opinion. The judge found for the plaintiff in the sum of $805 and interest from January 1, 1922. The defendant alleged exceptions.

*A. Mehlinger*, for the defendant.

*M. Palais*, for the plaintiff.

CROSBY, J. This case is before us on an agreed statement of facts from which it appears that the plaintiff, by indenture dated December 29, 1920, leased to the Phonograph Outlet Co. Inc. "the basement and street floor (excepting the boiler room in said basement), in the building known and numbered . . . (33) Hawkins Street, in said Boston" for the term of one year from January 1, 1921. The lease provided that "The party of the first part reserves the right to occupy a reasonable part of the basement up to April 1st, 1921, without any deduction from the rent herein reserved, with free access to and from said basement during said period." The rent reserved was at the rate of $1,800 a year, payable in advance, in equal monthly instalments of $150. The defendant in writing guaranteed performance by the lessee. The lessee occupied the demised premises until some time in May, 1921, when it vacated and surrendered them, but such surrender was not accepted by the lessor. Before April 1, 1921, but after the execution of the lease and guaranty, and after the lessee's entry under the lease, the lessor and lessee entered into an oral agreement under which, beginning April 1, 1921, the lessor was to continue to occupy the space in the basement which it had theretofore occupied, agreeing to pay the lessee therefor $35 a month. The defendant had no knowledge of this agreement and did not ratify it nor consent to the lessor's occupation of the space on or after April 1, 1921. The defendant contends that by reason of the oral agreement there was a material change and alteration of the written lease and that he is released from liability on the guaranty. The case was tried before a judge of the Superior Court sitting without a jury, who found for the plaintiff in the sum of $805 with interest thereon from January 1, 1922.

By the oral agreement the lessor became a tenant at will of the lessee of a portion of the leased premises terminable by

written notice under G. L. c. 186, § 12.   If there has been a material alteration of the lease without the consent of the defendant so as to make it another and different instrument, and he has been prejudiced thereby, the identity of the contract has been destroyed and the defendant is no longer liable.   The effect of the oral contract was to make the lessor of the lease a subtenant of a portion of the basement; it was an independent collateral agreement which did not relieve the original lessee from the payment of $150 a month as rent; but as the oral agreement entitled the lessee to receive $35 a month as rent thereunder, the net amount to be paid under the lease was reduced to $115 a month.

The agreed facts show that the lessee paid to the lessor rent at the rate of $150 per month for the months of January, February, March and April, 1921, as provided in the written lease; that the lessor in April, 1921, paid to the lessee $35 for the use of the space occupied by it for the month of May; that the lessor and lessee adjusted the rent for that month by the payment of $115 by the lessee to the lessor.   The oral agreement was not prejudicial to the defendant as guarantor, but was in its nature beneficial to him.   It was not a substantial change in the terms of the written lease, and being beneficial to the defendant he was not discharged from liability as guarantor, and the trial judge so ruled. *Cambridge Savings Bank* v. *Hyde*, 131 Mass. 77.  · *Boutelle* v. *Carpenter*, 182 Mass. 417.   *North Avenue Savings Bank* v. *Hayes*, 188 Mass. 135.   *Preston* v. *Huntington*, 67 Mich. 139.   The cases of *Warren* v. *Lyons*, 152 Mass. 310, *Schwartz* v. *American Surety Co. of New York*, 231 Mass. 490, and *Holme* v. *Brunskill*, 3 Q. B. D. 495, relied on by the defendant are distinguishable in their facts from those in the case at bar.   In *Warren* v. *Lyons* a new contract was entered into between the parties different from that which was guaranteed. In the cases of *Schwartz* v. *American Surety Co. of New York*, and *Holme* v. *Brunskill*, there was a variation of the terms of the original contract which being prejudicial to the surety discharged him from liability.

As the agreed statement of facts show that the plaintiff endeavored to rent the premises described in the lease (less

that portion occupied by it) after they had been surrendered by the lessee, but was unable to do so, it was entitled to recover the actual damage sustained. The circumstance that the plaintiff corporation had been enjoined under G. L. c. 156, § 52, from the further prosecution of its business, under a decree to that effect entered by a single justice of this court on March 17, 1924, until the terms of the decree had been complied with, did not prohibit the plaintiff from prosecuting or defending suits brought by or against it.

The exception to the refusal of the trial judge to rule that the dissolution of the Phonograph Outlet Co. Inc. (the lessee named in the lease) released the defendant as guarantor was properly waived by him at the argument, as it is without merit. The defendant's motion that a finding be made in his favor was rightly denied.. The action of the trial judge in finding for the plaintiff, denying the defendant's requests, and giving those of the plaintiff, was without error.

*Exceptions overruled.*