### CHARLES L. SPRING *vs.* FRANCIS T. LEAHY.

Suffolk.　November 18, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Guaranty. Contract,* Construction, Performance and breach. *Landlord and Tenant,* Guaranty of lease.

The term of a lease of real estate was for one year, and thereafter from year to year until one of the parties thereto should on or before the first day of August in any year give to the other party written notice of his intention to terminate the lease on the first day of October. A guaranty indorsed on the lease and dated the day following was in these words: "I hereby guarantee the punctual payment of the rent and the fulfillment of all the conditions on the Lessee's part in the within lease." After the execution of the guaranty but before the beginning of the term, the guarantor sent written notice to the renting agents of the plaintiff that he would terminate his guaranty above mentioned on the day ending a year from the beginning of the term. Neither party to the lease gave notice to terminate it and the lessee remained in possession three months beyond the term without paying rent. The lessor brought an action against the guarantor. *Held,* that

(1) The guarantor's liability continued while the lessee was in possession under the provisions of the lease;

(2) The lease gave the guarantor no right to terminate the lease by notice, and the notice given had no such effect;

(3) Judgment must be entered for the plaintiff.

CONTRACT upon a guaranty of the performance by the lessee of the covenants of a lease of real estate, dated September 27, 1922, and described in the opinion. Writ in the Municipal Court of the City of Boston dated January 24, 1924.

Material evidence at the trial in the Municipal Court is described in the opinion. The judge found for the defendant, and reported the action to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

The case was submitted on briefs.

*J. B. Zuckernik*, for the plaintiff.

*F. T. Leahy, pro se.*

SANDERSON, J.   This is an action of contract to recover from the defendant, as guarantor, rent at the rate of $60 per month in advance, payable on the first day of October, November, and December, 1923, under a written lease for one year from October 1, 1922, and thereafter from year to year until one of the parties thereto should on or before the first day of August in any year give to the other party written notice of his intention to terminate the lease on the first day of October.   The guaranty, dated September 28, 1922, indorsed on the lease, is in the following words: "IN consideration of One Dollar and other valuable considerations, the receipt whereof is hereby acknowledged, I hereby guarantee the punctual payment of the rent and the fulfillment of all the conditions on the Lessee's part in the within lease." It is agreed that the lessee occupied the premises continuously to January 1, 1924; that no notice to terminate the lease on the first day of October was given by either party unless the notice hereinafter referred to might be so construed; that the lessee paid the rent for the month of September, 1923, and for the eleven months next prior thereto; and that rent for the months of October, November, and December, 1923, was demanded and not paid.   The defendant testified that on September 28, 1922, subsequent to the execution of said guaranty by him and delivery of same to the plaintiff, he sent written notice to the renting agents of the plaintiff that he would terminate his guaranty above mentioned on the first day of October, 1923.   The trial court found for the defendant, and, at the request of the plaintiff, reported the case to the Appellate Division for determination, and there the report was dismissed.

The question for decision is, whether the guarantor, under the circumstances disclosed, can relieve himself from liability by giving the notice to which reference has been made. The terms of the lease provided for its termination by the parties thereto by giving notice; but no such right extended to the guarantor.   It is established by our decisions that in

case of a holding over after the end of the period fixed in a lease containing a covenant for payment of rent for such further time as the lessee may occupy, a guarantor may be liable for unpaid rent accruing during the time of occupation as tenant at sufferance. *Salisbury* v. *Hale,* 12 Pick. 416. *Rice* v. *Loomis,* 139 Mass. 302.   But that is not this case. When the lease was executed and delivered, the lessee was in not merely for one year, but thereafter from year to year, in the absence of the required notice to terminate it.   *Dix* v. *Atkins,* 130 Mass. 171.   *Carlisle* v. *Weiscopf,* 237 Mass. 183.   *Hull* v. *Newhall,* 244 Mass. 207.   The lessee was holding under the lease upon which the guaranty was indorsed and not under a renewal thereof.   *Woods* v. *Doherty,* 153 Mass. 558.   The contract broken by the nonpayment of rent is the contract guaranteed.   The undertaking of the guarantor was as broad as that of his principal. *Salisbury* v. *Hale, supra.   Rice* v. *Loomis, supra.*   Unless the notice to which the defendant testified terminated his liability at the end of the first year, he is responsible for the rent which the plaintiff is seeking to recover.   His liability was not limited by any condition imposed by him at the time he entered into the agreement.   *Woods* v. *Doherty, supra.* On the defendant's own testimony, the contract of guaranty was completed before the notice hereinbefore referred to was sent.   After the plaintiff executed the lease and conveyed to the lessee an estate upon the credit of the defendant's guaranty of the payment of the rent therein reserved, the guarantor could not relieve himself from liability by the notice given.   *Crane* v. *Newell,* 2 Pick. 612.   *Jordan* v. *Dobbins,* 122 Mass. 168.

The order dismissing the report is reversed, and judgment is to be entered for the plaintiff for $180 with interest from the date of the writ.

*So ordered.*