VITO MAGLIONE *vs.* ANGELO PENTA.

Suffolk.     January 7, 1929. — March 1, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Bills and Notes*, Indorser. *Surety. Practice, Civil,* Ordering verdict. *Mortgage*, Of real estate: extension to mortgagor. *Contract,* In writing. *Evidence,* Extrinsic affecting writing.

At the trial of an action by the indorsee against the payee, indorser of a negotiable promissory note secured by a mortgage, it appeared that, after the due date of the note, the plaintiff gave several extensions to

the maker and twice discontinued foreclosure proceedings instituted by him, and that, when he began foreclosure proceedings for a third time, it was discovered that a prior mortgage had been foreclosed. The jury, in answer to a special question, found that the plaintiff had entered "into a valid and binding agreement with the makers of the note to extend the time for paying the note." The judge ordered a verdict for the plaintiff. *Held,* that

(1) Extending the time of payment amounted to a new and different contract, which relieved the defendant of his obligation;

(2) Because of the "binding agreement" found by the jury, the verdict should not have been ordered for the plaintiff.

Evidence, admitted without objection at the trial of the action above described, that, at the time the defendant indorsed the note, it was orally agreed between the plaintiff and the defendant that, if the maker did not pay the note at maturity, the plaintiff would return the note and reassign the mortgage and the defendant would pay the plaintiff the amount he had paid for the note, had no effect upon the defendant's obligation as indorser: the written contract could not thus be altered by parol evidence.

The mere fact that, at the trial above described, the jury also found that the plaintiff did not "receive a bonus from the makers of the note for extending the time of the payment of the note," did not affect the force of their finding that the agreement which was made was "valid and binding," nor nullify its effect.

CONTRACT upon a negotiable promissory note by the indorsee against the payee, who had indorsed it to the plaintiff. Writ in the District Court of Chelsea dated January 16, 1928.

On removal to the Superior Court, the action was tried before *Donahue,* J. The note was for $1,000 and bore interest at six per cent; $300 had been paid on account of the principal.

"The plaintiff testified that the defendant who was the payee and holder of the note which was secured by a mortgage on some property in Dorchester, wished to discount it and the plaintiff gave the defendant $1,000 for the note and mortgage and the defendant indorsed the note waiving demand and notice. He denied that at the time the note was indorsed there was any agreement between himself and the defendant about the payment of the note or the reassignment of the mortgage back to the defendant if it was not paid by the makers at maturity. . . . The defendant testified that at the time the plaintiff asked him to

indorse the note waiving demand and notice so that the plaintiff 'would be sure to get his money back' and the defendant said that he would do so provided that the plaintiff would return the note and reassign to him the mortgage if the makers did not pay the note when it came due and that upon such return of the note and reassignment of the mortgage, the plaintiff [*sic*] would give him the $1,000 back." The record does not disclose any exception saved to the admission of the foregoing evidence nor any motion to strike it out.

Other material evidence and special findings by the jury are stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $906.14. The defendant alleged exceptions.

*V. Garro*, for the defendant.

No argument nor brief for the plaintiff.

CARROLL, J. This is an action to recover the amount due on a note dated August 7, 1923, payable to the defendant in one year from its date, and indorsed by him to the plaintiff. The judge directed a verdict for the plaintiff. The defendant excepted to this direction on the ground that "the verdict was inconsistent with the special facts found by the jury and that as a matter of law, it should have been ordered for the defendant."

The plaintiff testified that the note was secured by a real estate mortgage; that he paid the defendant $1,000 for the note and mortgage and the defendant indorsed the note waiving demand and notice; that the plaintiff had received from the makers of the note payments of interest, and on March 12, 1927, a payment of $300 on account. There was evidence from the attorney who represented the plaintiff in proceedings to foreclose the mortgage, that in 1926 he began to foreclose the mortgage and on payment of the expenses by the mortgagors, the plaintiff directed him to stop the proceedings; that some time later he began to foreclose and the plaintiff ordered him to discontinue further action; that at this time the mortgagors paid $300; that a third time the plaintiff started to foreclose when it was found that the second mortgage had been foreclosed "so that the equity was wiped out."

The defendant testified that the note was secured by a third mortgage of real estate; that after the note became due he asked the plaintiff if it had been paid and the plaintiff replied that he had made an arrangement with the makers of the note "about continuing the note and he let them have a little longer;" that about a year after this interview the defendant asked the plaintiff if he had been paid and the plaintiff said he had a satisfactory arrangement with the makers of the note.

The jury answered "Yes" to the question "Did the plaintiff enter into a valid and binding agreement with the makers of the note to extend the time for paying the note?" They answered "No" to the question, "Did the plaintiff receive a bonus from the makers of the note for extending the time of the payment of the note?" The jury also found that it was orally agreed between the plaintiff and defendant that if the makers of the note did not pay the note at maturity the plaintiff would return the note and reassign the mortgage, and the defendant would pay the plaintiff the amount he paid for the note.

After the indorsement of the note and assignment of the mortgage, the relation of the defendant to the plaintiff became in a sense that of a surety, *North End Savings Bank* v. *Snow*, 197 Mass. 339, *Codman* v. *Deland*, 231 Mass. 344, although in a strict sense he was merely an indorser of the note. If the plaintiff made a valid and binding agreement with the makers of the note extending the time of payment without the knowledge and consent of the surety, the surety is thereby discharged. *Warren* v. *Lyons*, 152 Mass. 310, 312. *Franklin Savings Bank* v. *Cochrane*, 182 Mass. 586. *Germania Fire Ins. Co.* v. *Lange*, 193 Mass. 67. As an indorser the defendant was secondarily liable. G. L. c. 107, §§ 19, 86. By § 143 (6) of this statute, a person secondarily liable on the instrument is discharged by an agreement binding on the holder to extend the time of payment unless made with the assent of the party secondarily liable or unless the right of recourse against such party is expressly reserved. And before the adoption of the negotiable instrument law, G. L.

c. 107, this was the law in this Commonwealth.  *Gifford* v. *Allen,* 3 Met. 255.  *Veazie* v. *Carr,* 3 Allen, 14.

Mere delay or indulgence by the creditor did not discharge the defendant.  The extension of time given the debtor must have been founded on an enforceable contract supported by a good consideration to have this effect.  *Hunt* v. *Bridgham,* 2 Pick. 581, 585.  *Watertown Fire Ins. Co.* v. *Simmons,* 131 Mass. 85.  *Way* v. *Dunham,* 166 Mass. 263.  On this point the evidence is very meagre.  Since it was agreed that the question should be submitted to the jury to find whether the plaintiff made a binding contract with the makers of the note to extend the time of payment, and no request was made to have this finding set aside and the judge allowed it to stand, we must therefore assume there was a valid agreement, binding on the parties, executed by the plaintiff and the makers of the note, extending the time of payment of the obligation. This being so a verdict could not be ordered for the plaintiff. Extending the time of payment amounted to a new and different contract, which relieved the defendant of his obligation considered either as a surety or indorser.

In these circumstances the defendant was discharged.  The common law rule was stated in *Cambridge Savings Bank* v. *Hyde,* 131 Mass. 77, at page 79:  ". . . if such new agreement is or may be injurious to the surety, or if it amounts to a substitution of the new agreement for the old, so as to discharge and put an end to the latter, the surety is discharged.  But if the change in the original contract from its nature is beneficial to the surety, or if it is self-evident that it cannot prejudice him, the surety is not discharged." See *Warren* v. *Lyons, supra,* where it was said, quoting from Justice Story in *Miller* v. *Stewart,* 9 Wheat. 680:  "To the extent, and in the manner, and under the circumstances, pointed out in his obligation, he is bound, and no farther.  It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit."  It was held in *Guaranty Co.* v. *Pressed Brick Co.* 191 U. S. 416, that this strict rule by which a surety is discharged by an extension of time should not be extended to contracts not within

the reason of the rule unless the surety is shown to be prejudiced by the extension; and where a bond is signed by a corporation which has undertaken for a profit to insure against the failure of performance, the contract should be liberally interpreted. See *George A. Hormel & Co.* v. *American Bonding Co.* 112 Minn. 288, and note to this case in 33 L. R. A. (N. S.) 513, where the cases are collected. We do not think these cases are applicable to the case we are considering.

The evidence of the oral agreement by which the plaintiff was to surrender the note and reassign the mortgage was not competent and should not have been received. The written contract could not be altered by parol evidence. *Howe* v. *Merrill*, 5 Cush. 80, 82. *Mears* v. *Smith*, 199 Mass. 319. The fact that the jury found the plaintiff did not receive a "bonus" for the extension we do not consider important. The agreement may have been founded on a good and valid consideration although no "bonus" was paid the plaintiff.

Because of the finding of the jury, to the effect that a binding agreement was made by the plaintiff and the makers of the note extending the time for its payment, a verdict could not be directed for the plaintiff, and on this point the defendant's exception is sustained.

*Exception sustained.*