CATHARINE DOUGLAS, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Evidence of a husband's agency to authorize a railroad company to take gravel from his wife's land — effect of her acquiescence therein.*

The husband of the owner of land adjacent to a railroad wrote to the railroad company a letter stating, "I own a strip of land between the railroad and the street which is called Marble ave., it is this shape (Rough sketch). My land is

about 15 feet higher than the street and railroad. (Rough sketch.) Now I am taking this land away so as to make it level with the railroad and I would wish that the railroad people would take the bank away plum* to these lines or more so as to save the bother of taking it away later &c."

In reply the railroad company sent the following letter:

"DEAR SIR.— Replying to yours of March 5th in regard to excavating material at the overhead bridge between Pleasantville and Sherman Park, beg to state that we shall be glad to use as much of this material as we can dispose of."

Subsequently a representative of the railroad company visited the premises and had the gravel bank pointed out to him by the woman who owned the land. Afterwards the railroad company removed the bank on the land and used the excavated material in ballasting its railroad. The work extended over a period of three months.

In an action brought by the woman owning the land, against the railroad company, to recover the value of the material excavated and used by the railroad company, the plaintiff repudiated the right of her husband to represent her in the transaction with the railroad company and also claimed that, on the occasion when the defendant's representative visited her, some conversation occurred as to the value of the gravel and sand. The defendant's representative denied such conversation.

*Held*, that a judgment entered upon a verdict in favor of the defendant should be affirmed;

That the letter written by the plaintiff's husband to the railroad company coupled with the subsequent acquiescence of the plaintiff in all that was done without any suggestion on her part that she intended to charge for the gravel (except the alleged conversation with the defendant's representative, which the latter denied) was sufficient to warrant the jury in finding that there was never any understanding on the part of the defendant that it was to pay for the material excavated, and that the plaintiff's husband acted as the plaintiff's agent in making the arrangement with the railroad company.

APPEAL by the plaintiff, Catharine Douglas, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 31st day of October, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of March, 1904, denying the plaintiff's motion for a new trial made upon the minutes.

*Theodore Sutro*, for the appellant.

*George H. Walker* [*Ira A. Place* with him on the brief], for the respondent.

---

\* *Sic.*

WOODWARD, J.:

Briefly, the facts in this case are, that the plaintiff, who lives with her husband near Pleasantville, Westchester county, is the owner of certain real estate lying adjacent to the railroad of the defendant. On the 5th day of March, 1901, plaintiff's husband wrote to the chief engineer of the defendant as follows:

"DEAR SIR.— On the Harlem Railroad at the overhead bridge between Pleasantville sta. and Shearman* Park sta. I own a strip of land between the railroad and the street which is called Marble ave., it is this shape (Rough sketch). My land is about 15 feet higher than the street and railroad. (Rough sketch.) Now I am taking this land away so as to make it level with the railroad and I would wish that the railroad people would take the bank away plum* to these lines or more so as to save the bother of taking it away later &c. If you should come here to see it I live in the house next the bridge."

To this letter the chief engineer, on the sixteenth of March, replied:

"DEAR SIR.—Replying to yours of March 5th in regard to excavating material at the overhead bridge between Pleasantville and Sherman Park, beg to state that we shall be glad to use as much of this material as we can dispose of."

Subsequently a representative of the defendant called at the premises indicated and had the gravel bank pointed out to him by the plaintiff in person, and afterwards the defendant constructed a switch and for a period of several months was engaged in the work of removing this elevation from the plaintiff's land, using the same in ballasting its roadway. It is claimed on the part of the plaintiff, denied by the defendant, that on the occasion of the visit of the defendant's representative, when the plaintiff pointed out the premises the latter made some talk as to the value of the gravel and sand, but aside from this there appears to have been no mention of the question of compensation during a period of two or three months while the defendant was removing the bank. The plaintiff now brings this action to recover something over $1,000, the alleged value of the sand and gravel concededly taken by the defendant, and a jury has refused to grant the relief. The plaintiff appeals.

* *Sic.*

The plaintiff's theory is that as the premises belonged to the plaintiff, rather than her husband, the latter had no authority to give away the property, and the appeal appears to be based upon the theory that the learned court at Trial Term submitted to the jury only the question of the authority of the plaintiff's husband to give away some portion of her real estate. We are of opinion, however, that there was no question of a gift involved, and that the charge of the learned justice presiding fairly submitted all that there was in the case to the determination of the jury. The plaintiff does not question that the premises were correctly described in the letter written by her husband, or that they were engaged in an effort to reduce the height of the gravel embankment to the level of the railroad and highway, increasing its practical utility, and the letter, properly construed as the learned court has construed it, has no other meaning than that the plaintiff, through her husband as her agent, proposed to the railroad company that it might have the gravel to use in its work in consideration of its improving the plaintiff's premises. The plaintiff pointed out the premises to the defendant's representative and stood by for a period of two or three months while her premises were being brought down to the practical level of the highway and the railroad, and she now seeks to recover the alleged value of the gravel and sand, without compensating the defendant for its work in improving her premises, based upon a vague suggestion alleged to have been made to the defendant's representative, and which the latter denies. We think the jury were justified in refusing to believe that there was ever any understanding on the part of the defendant that it was to pay for the gravel, except as this result was reached through the improvement of the plaintiff's premises, and that the determination of the jury that plaintiff's husband was acting as her agent in making this arrangement for the improvement of her premises was fully sustained by the evidence. The letter, coupled with the subsequent acquiescence of the plaintiff in all that was done, without any suggestion on her part that she intended to charge for the gravel, unless this suggestion was made to the representative of the defendant before any work was done, is sufficient to show his agency, and it would offend justice to permit the plaintiff to accept the labor of the defendant in bringing her premises to a practical grade and at the same time to

recover the alleged value of the sand and gravel. This latter was evidently an afterthought, and the jury refused to sanction the injustice.

The judgment and order appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., BARTLETT, JENKS and RICH, JJ., concurred.

Judgment and order affirmed, with costs.