## BADGER v. COOK.

(Supreme Court, Appellate Division, Third Department.   January 9, 1907.)

1. PRINCIPAL AND AGENT—EXISTENCE OF RELATION—EVIDENCE—SUFFICIENCY.
    In an action to recover the price paid for cattle and taken from the purchaser by the federal authorities because they were smuggled into the country, evidence considered, and *held* sufficient to take to the jury the question whether the sale was to the purchaser or his agent.

2. SAME—EVIDENCE—ADMISSIBILITY.
    In an action to recover the purchase price of cattle taken from the purchaser by the federal authorities, in which defendant contended that the sale was to B. and not to plaintiff, evidence of a conversation between plaintiff and B. immediately prior to the purchase was admissible to prove the agency of B. with respect to the transaction.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 37.]

3. SALES—RECOVERY OF PRICE PAID—INVALIDITY OF CONTRACT—KNOWLEDGE OF PLAINTIFF—QUESTIONS FOR JURY.
    In an action to recover back the price paid for cattle taken from the purchaser by the federal authorities, because they were smuggled into the country, *held*, under the evidence, that the question of the purchaser's knowledge of the smuggling was one of fact.

4. PRINCIPAL AND AGENT—NOTICE TO PRINCIPAL—KNOWLEDGE OF AGENT.
    The burden is on a party seeking to charge a principal with knowledge of his agent acquired in a different transaction and before the agency

existed to show by clear and satisfactory evidence that the knowledge was present in the agent's mind at the time of the transaction under the agency.

**5. SAME—EVIDENCE—SUFFICIENCY.**

Long prior to a sale of cattle by defendant to plaintiff the cattle were owned by D., who attempted to sell them to B., informing B. that the cattle had been smuggled into the country. D. testified that, when he owned the cattle, they were calves, and plaintiff testified that, while he had seen the cattle in D.'s possession, he did not know they were the same that he purchased from defendant. B. acted as agent for plaintiff in purchasing the cattle from defendant. *Held*, that it was not to be assumed as a matter of law that B., when acting as agent, knew that the duty had not been paid, so as to charge plaintiff with knowledge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 670. 686.]

Appeal from Franklin County Court.

Action by Fred R. Badger against Norman Cook. From a judgment dismissing the complaint at the close of plaintiff's evidence, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Kellas & Genaway (J. P. Kellas, of counsel), for appellant.
Main & Bryant, for respondent.

COCHRANE, J. It is alleged in the complaint that in the year 1900 plaintiff, through an agent, purchased of the defendant five yearling heifers and paid therefor $77; that prior to such purchase said heifers had been smuggled into the United States from the Dominion of Canada; that in the year 1903 they were confiscated by the federal government; and that by reason of such facts no title thereto was conveyed to the plaintiff, and that the sale thereof by the defendant to the plaintiff was void and without consideration, and judgment was demanded for the consequent damages sustained by plaintiff.

On the trial the unlawful entry into this country from Canada of the property in question without the payment of duty and its subsequent seizure and sale by the federal government was admitted. At the close of plaintiff's evidence the County Court dismissed the complaint on the ground that the sale by defendant was not to the plaintiff, but to one Pond, his alleged agent. Plaintiff produced a check made by himself October 15, 1900, payable to the order of the defendant for $77, the purchase price of the cattle, which was indorsed by the defendant and paid October 26, 1900. On the face of the check was written, "For 5 yearlings." Plaintiff testified that those were the yearlings in question; that he "gave the check to Pond to take to Cook to pay for the cattle"; that they were delivered on plaintiff's farm and remained there until August, 1903, when they were seized; that shortly prior to the seizure, having then been informed of their liability to such seizure, he told the defendant that he was informed that the officers were "after those cattle I bought of you or Pond bought for me," and asked defendant if they were all right, to which defendant replied, "They are all right; if they seize them, I will settle." This

was all the testimony bearing on the question as to whether the sale was made to plaintiff or to Pond, and it was clearly sufficient to require the submission of that question to the jury. The purchase price was concededly furnished by the plaintiff. The cattle were delivered on his farm and remained there for three years, until their confiscation. Plaintiff's statement to the defendant, to the effect that he had bought the cattle or that Pond had bought them for him, was uncontradicted. It would have been a proper inference by the jury from this evidence that Pond acted merely as agent of plaintiff in delivering the check to the defendant and in bringing the cattle from the defendant to the plaintiff in return for the check.

It was also error to exclude the conversation between plaintiff and Pond in reference to these cattle just prior to their purchase from the defendant. This conversation was offered for the purpose of proving the agency of Pond in respect to the cattle, and should have been received for such purpose.

It is further sought to sustain this judgment on the theory that plaintiff and his agent, Pond, knew that the cattle had been smuggled. Before they were owned by the defendant they had been owned by one Dougherty, who smuggled them from Canada. While so owned by Dougherty, plaintiff and Pond at different times, and independently of each other, looked at them, with a view to purchasing them. Dougherty testified that he at that time told both of them that the duty had not been paid. Plaintiff denied any knowledge of this latter fact and also testified that, when he bought the cattle, he did not know they were the same cattle which Dougherty once had. A question of fact thus arose as to whether or not plaintiff knew the cattle had been smuggled.

Pond was not a witness, and Dougherty's testimony that he told Pond of the nonpayment of the duty is uncontradicted. It is claimed that plaintiff is chargeable with this knowledge of his agent Pond. When Dougherty told Pond that the duty had not been paid, the latter was not plaintiff's agent. Whatever information Pond obtained from Dougherty was received by him individually and independently of plaintiff. In Slattery v. Schwannecke, 118 N. Y. 543, 23 N. E. 922, it was said:

"The question how far a principal is chargeable with notice communicated to or knowledge acquired by his agent in another transaction at another time, when not acting for his principal, has recently received consideration in this court in the case of Constant v. University of Rochester, 111 N. Y. 604, 19 N. E. 631, 2 L. R. A. 734, 7 Am. St. Rep. 760, and the principle was there settled that the knowledge of the agent can be charged to the principal only when clear proof is made that the knowledge was present in the agent's mind at the time of the transaction which is the subject of consideration by the court."

The Constant Case is also an authority for the proposition that the burden is on the party seeking to charge a principal with knowledge of his agent acquired by the latter at a different time and in a different transaction when he was not representing the principal to show by clear and satisfactory evidence that the knowledge sought to be charged to the principal was present in the agent's mind at the time of the transaction under consideration by the court. From the evi-

dence it appeared that it was long prior to the sale by defendant when Pond negotiated with Dougherty and was told of the nonpayment of duty. Dougherty testified that the cattle were then calves. Plaintiff testified that he did not know when he bought them that they were the same which Dougherty had. They had evidently grown and changed their appearance. If plaintiff did not recognize them, it cannot be assumed that Pond recognized them when he acted as plaintiff's agent, or that he then had in mind the information which Dougherty had given him long prior thereto. Under the authority of the cases above cited the burden was on defendant to show clearly and satisfactorily that there was present in the mind of Pond when the sale in question was made the knowledge that the duty had not been paid, and such knowledge on his part under the evidence here produced cannot be assumed as matter of law.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except PARKER, P. J., not voting.