NELLIE A. HOULIHAN, Respondent, v. S. BOLTON'S SONS, Appellant.

Third Department, September 8, 1920.

Principal and agent — evidence of husband's agency to make agreement with landlord binding wife as tenant.

In an action to recover on the agreement of the defendant guaranteeing the payment of rent reserved in a lease it is error to refuse to allow the defendant to show that the plaintiff, through her husband as her agent, agreed that a holding over by the tenant should not be considered as a renewal, where it appeared that the only business the lessee did with the plaintiff was when she signed the lease and all negotiations were with

her husband, who collected all the rent and made repairs. Under the circumstances the existence of the agency was a question of fact and the evidence precluded was competent on that question.

APPEAL by the defendant, S. Bolton's Sons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 5th day of December, 1919, upon the decision of the court, rendered after a trial at the Saratoga Trial Term, the jury having by consent of the parties been discharged.

The opinion of the Trial Term is reported in *Houlihan* v. *Bolton's Sons* (109 Misc. Rep. 325).

*Thomas F. Phelan,* for the appellant.

*Thomas O'Connor* [*George E. O'Connor* of counsel], for the respondent.

KILEY, J.:

On the 27th day of May, 1913, the plaintiff, by an instrument in writing, leased her hotel or saloon property in the village of Waterford, Saratoga county, N. Y., to Peter Smith for a term of five years, with the privilege of renewing the lease for five years. The defendant guaranteed the payment of the rent reserved in said lease. Smith continued in possession until July 28 or 29, 1918, a month over the time specified for the termination of the five years' lease. There can be no quarrel with plaintiff's contention that such holding over operated as a renewal of the lease, unless such holding over was the result of an agreement between plaintiff and Smith that he should occupy the premises for that month without being obligated as one holding over. Defendant and Smith claim that the occupation for the month of July only was pursuant to such an agreement. Defendant repeatedly tried, upon the trial, to prove such an agreement made with plaintiff through her husband; such evidence was objected to by plaintiff upon the ground that plaintiff's husband was not her agent. The objection was sustained and defendant was unable to prove it because of such ruling. The only business the lessee ever did with plaintiff was when she signed the lease; all negotiations were with plaintiff's husband, and he did all collect-

ing of rents, repairs, etc. Agency was, at least, a question of fact and the evidence precluded was competent. It was competent on the question of agency. (*Badger* v. *Cook*, 117 App. Div. 328.) At page 330 of the opinion we find the following: " It was also error to exclude the conversation between plaintiff and Pond [agent] in reference to these cattle just prior to their purchase from the defendant [Cook]. This conversation was offered for the purpose of proving the agency of Pond in respect to the cattle and should have been received for such purpose." Had the evidence offered by defendant been received there can be no question but what the rule laid down in *Douglas* v. *N. Y. Central & H. R. R. R. Co.* (105 App. Div. 65) would apply. It was error to reject this evidence; its purport was vital to defendant's case.

The judgment should be reversed, with costs.

All concur.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.