CONNECTICUT NATIONAL BANK *v.* BEVERLY A. FOLEY
ET AL.
(6804)

DUPONT, C. J., DALY and JACOBSON, Js.

Argued April 4—decision released June 20, 1989

*Stanley M. Krupa,* for the appellant-appellee (defendant William V. Foley).

*Kenneth H. Antin,* for the appellee-appellant (plaintiff).

DALY, J. The plaintiff instituted this action against the defendants to recover the amount due under a promissory note guarantied by them. From a judgment rendered in favor of the plaintiff, the defendant William V. Foley[1] has appealed and the plaintiff has cross appealed.

The trial court found the following facts. Sometime prior to April 4, 1984, the named defendant consulted the branch manager of the plaintiff's Middletown office in order to discuss a commercial loan of $30,000. The loan would enable her to open a gift shop in the town of Essex. The plaintiff agreed to finance the project on the condition that both the defendant and the named defendant execute a guaranty of payment of the loan in favor of the plaintiff. On April 4, 1984, both defendants signed the guaranty. It was agreed that the plaintiff would advance the money to the named defendant in three $10,000 installments. The named defendant executed three notes and received the three installments on April 4, 1984, April 27, 1984 and June 25, 1984.

On February 6, 1985, the plaintiff consolidated the three notes into one note for $30,000 and, accordingly, marked the three individual notes "paid." On June 21, 1985, the plaintiff consolidated into one $40,000 note the February, 1985 note for $30,000 and a $10,000 overdraft on the named defendant's business checking

---

[1] The defendants are Beverly A. Foley and William V. Foley. The named defendant is the maker of a promissory note which she and the codefendant guarantied. Following the commencement of the action, the named defendant was adjudicated bankrupt and the case was tried against the codefendant only. Accordingly, as used in this opinion, the term "defendant" refers only to William V. Foley.

account. The plaintiff also marked the February, 1985 note "paid." The named defendant signed both the February and June notes.

The plaintiff instituted this action upon a default on the June, 1985 note. Subsequent to the commencement of the action, the named defendant filed for bankruptcy. The debt claimed against her was discharged in bankruptcy and the plaintiff proceeded against the defendant on his guaranty.

The trial court found that the guaranty signed by the defendant was a continuing one that covered the three $10,000 installments of the original $30,000 loan. The court also found, however, that the period of time that had elapsed between the defendant's signing of the guaranty in April, 1984, and the named defendant's signing of the note consolidating the $30,000 loan and the $10,000 overdraft in June, 1985, was an unreasonable period of time for the guaranty to be effective. Accordingly, the court held that the defendant could not reasonably be expected to have guarantied the extra $10,000 advance made by the plaintiff. The court rendered judgment in favor of the plaintiff in the amount of $30,000 plus interest from January 1, 1986, attorney's fees in the amount of $4500 and costs. This appeal ensued.

On appeal, the defendant claims that the trial court erred in finding that the guaranty was a continuing one covering the entire $30,000 loan and in awarding attorney's fees. The defendant argues that his liability as guarantor is limited to the initial loan of $10,000 and that the court erred in awarding attorney's fees in the amount of $4500. On its cross appeal, the plaintiff agrees with the trial court's finding that the guaranty was a continuing one, but argues that the fourteen month period between the date of the guaranty and the extra $10,000 loan was not unreasonable; hence, it was

entitled to a judgment based on the entire loan amount of $40,000. We find no error on the appeal and error on the cross appeal.

The first question to be resolved is whether the guaranty signed by the defendant was a continuing one, as found by the trial court, or a restricted one, as the defendant argues. The interpretation of a guaranty centers on the intention of the parties, which is itself a question of fact to be determined by the trier of facts. See *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corportation,* 183 Conn. 348, 351, 439 A.2d 362 (1981); 38 Am. Jur. 2d, Guaranty § 24. Like any other finding of fact, the trial court's finding that the defendant's guaranty was a continuing one receives only limited review on appeal. *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* supra. We review to determine only whether the decision was clearly erroneous in light of the evidence and the pleadings in the whole record. Id.

In determining the parties' intentions, the trial court was entitled to rely on, inter alia, the language of the guaranty.[2] 38 Am. Jur. 2d, Guaranty § 24. The guaranty signed by the defendant expressly stated that "[t]he Bank can hold a guarantor responsible for everything the borrower owes it *now and in the future.*"

---

[2] The guaranty signed by the defendant stated:

"To induce Hartford National Bank to give credit to Beverly Foley each person who signs below guarantees:

—each monthly payment as it becomes due;

—immediate payment of the entire loan if that is required for any reason stated in the loan agreement; and

—payment of any other charges, fees or expenses owed by the borrower under the loan agreement.

"The Bank does not have to notify the guarantor of the acceptance of either the loan agreement or the guarantee. It does not have to notify the guarantor if it transfers the loan agreement, demand any security, or require immediate payment of the loan.

"The Bank may require immediate repayment of the loan if a guarantor becomes bankrupt, breaks any promise under this agreement, or any other

(Emphasis added.) Moreover, the guaranty provided that the guarantor could cancel the agreement for the borrower's future debt by informing the bank in writing prior to the time the bank makes the loan. Given this language, we cannot say the trial court erred in determining that the defendant obligated himself to a continuing guaranty.[3]

The defendant's final claim on appeal is that the court erred in awarding attorney's fees to the plaintiff. The crux of the defendant's claim appears to be that the guaranty did not specifically provide for an award of attorney's fees in connection with the collection of any

---

agreement that a guarantor has with it, or for any other reason stated in the loan agreement.

"This guarantee will remain enforceable even if the Bank:
—releases any borrower or guarantor from their obligation to us; or
—gives the borrower an extension of time to repay the loan.

"The Bank can hold a guarantor responsible for everything the borrower owes it now and in the future. The guarantor may cancel this agreement for the borrower's future debt by telling the Bank in writing before we have made the loan. This does not affect the guarantor's responsibility for the borrower's debt at the time of cancellation.

"The Bank can enforce this guarantee without first taking action against the borrower or any other person. If immediate repayment of this loan is required, it may take the outstanding balance out of any checking, savings or other account that the guarantor has with us.

"If more than one person signs below, each is fully responsible. If you accept the terms of this guarantee and have received a completed copy, please sign below."

The plaintiff is the corporate successor to Hartford National Bank.

[3] The defendant posits two alternative claims that are equally unavailing. He first claims that, in order to be liable for the entire $30,000 loan, the plaintiff's advancements had to have been made all at once and not in installments. This argument is belied by the fact that in our case law there is no requirement of contemporaneity between a continuing guaranty and the obligations secured thereby. *Connecticut Bank & Trust Co.* v. *Wilcox*, 201 Conn. 570, 575, 518 A.2d 928 (1986). The defendant's second alternative claim, namely, that he was released from any obligation because the April 4, 1984 and February 6, 1985 notes were marked "paid" by the plaintiff, fails in light of the express language of the guaranty. The guaranty provides that it "will remain enforceable even if the Bank releases any borrower or guarantor from their obligation to us . . . ."

sums due thereunder. This claim requires little discussion. The defendant, as guarantor, agreed to pay any other charges, fees or expenses owed by the borrower under the loan agreement. Paragraph eight of the note signed by the named defendant states that if payment is not made when due, the borrower promises to pay additional interest on the unpaid balance, together with "reasonable attorney's fees incurred in collection of all or part of this note." The trial court, therefore, did not err in awarding attorney's fees to the plaintiff.

In its cross appeal, the plaintiff argues that the trial court erred in finding that fourteen months was an unreasonable amount of time for the continuing guaranty to remain effective. We agree.

Our Supreme Court recently noted, with respect to the duration of a continuing guaranty, that " '[a]n offer for a continuing guaranty is ordinarily effective until revoked by the guarantor or extinguished by some rule of law.' . . . To revoke a continuing guaranty, the guarantor usually must give notice of the revocation to the creditor. . . . However, '[e]ven a continuing guaranty that is, in terms, unlimited as to duration, imposes liability upon a guarantor only for such period of time as is reasonable in light of all the circumstances of the particular case.' " (Citations omitted.) *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 742–43, 557 A.2d 525 (1989).

What constitutes a reasonable period of time for a continuing guaranty to remain effective can be gleaned from a comparison of two Supreme Court decisions. In *Connecticut Bank & Trust Co.* v. *Wilcox,* 201 Conn. 570, 575, 518 A.2d 928 (1986), the court upheld the enforceability of a continuing guaranty made in September, 1980, for loans made in April and November, 1981. Because there is no legal requirement of contemporaneity between the continuing guaranty and the

obligation, the court upheld the trial court's finding that the guaranty was valid and binding despite the delay between the execution of the guaranty and the execution of the line of credit.

A nearly three year delay between the execution of the guaranty and the extension of credit was held to be an unreasonable period of duration in *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* supra. In *Monroe,* the guaranty was executed in the fall of 1970. Credit was extended to the defendant in December, 1970, and the account was then paid in full in March, 1971. In October, 1973, thirty-one months after the account had been paid, credit was again extended to the defendant. The guarantor refused to pay the charges, however, because he had not executed a new guaranty. The Supreme Court upheld the trial court's finding that the evidence was insufficient to support the plaintiff's argument that the guaranty was still in effect in 1973 and 1974. Id., 350. Because the parties had discontinued business between them, the account having been paid in full for a period of thirty-one months, and because the guarantor had refused to execute a new guaranty, the court upheld the finding that the parties had intended to cancel the guaranty executed in 1970.

While the interpretation of the continuing guaranty is a question of fact; *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* supra, 743; we conclude that in light of all the evidence and circumstances of the case, as well as the holdings of our Supreme Court, fourteen months was not an unreasonable period of time to impose liability upon the defendant as guarantor of his wife's loans. We note that it was always within the defendant's power to revoke the guaranty but that he never exercised that power, nor even questioned the bank about the bounds of his liability. A guarantor's failure to keep himself informed as to his liability under

the guaranty has been held to constitute sufficient grounds to hold the guarantor liable. See *Hartford-Aetna National Bank* v. *Anderson,* 92 Conn. 643, 648, 103 A. 845 (1918). Moreover, the fourteen month time period between the date of the guaranty and the loan was not a period of inactivity between the parties, as was the situation in *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* supra. Rather, the three installment loans were consolidated eight months after the last installment was advanced, and the second consolidation occurred four months after the first. Finally, the original obligation had never been paid during that fourteen month period. Compare *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* supra. On the basis of all the evidence, we conclude that the trial court erred in finding that the defendant, as guarantor, was not liable for the entire $40,000 loaned by the plaintiff.

There is error on the cross appeal, the judgment is set aside and the case remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.