[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE
In this action against the Commissioner of Transportation for an alleged highway defect, the jury returned a defendant's verdict. The plaintiff now seeks to set the verdict aside for a number of reasons which will be considered in turn.
The first and second claims assert that the court erred in quashing subpoenas directed to the claims manager of the Aetna Casualty and Surety Company and to the District 3 Director of Maintenance, Department of Transportation.
With respect to the subpoena directed to District Director of Maintenance, it appears that such was directed to a non-existent person. With respect to both subpoenas, the plaintiff argued that the information sought was necessary to show that the defendant was able to discover the precise location of the pothole (the alleged defect). This argument, apparently, was advanced to localize the imprecise description of the location in the actual notice which described the location as "a large pothole — in the eastbound center lane of the Connecticut Turnpike (I-95), east of exit 4." This argument ignores the fact that the sufficiency of the notice must be determined by the face of the notice itself and not by further evidence as to such location. see, Ozmun v. Burns,18 Conn. App. 667, at pg. 681.
The next claim by the plaintiff is that the court erred in redacting the statutory notice that was annexed to the complaint. When it was called to the plaintiff's attention after she had rested, that the notice was not in evidence, the court offered to allow the plaintiff to reopen her case, to present evidence as to the notice. The parties attempted to agree on a redaction of the statutory notice, as it was obvious that portions of it were entirely irrelevant and inadmissible. The court advised both parties what it would allow and what it would not allow. Plaintiff's counsel represented that he was in substantial agreement, but when the redacted notice was submitted in final form, he took an exception. The final redacted notice which was submitted to the jury included all the essential elements prescribed by the statute (1) written notice of the injury, (2) a general description of that injury, (3) the cause, (4) the time and (5) the place. CT Page 1194
The next two claims of error asserted that the court failed to charge as requested that the sufficiency of the notice was to be tested against its purpose and the sufficiency also depended on the obstruction. With respect to these two assignments of error, the court's charge was adequate. Our cases are replete with authorities too numerous to mention, that the court is not required to charge in the exact language of the requests.
The final claim of error is that the court failed to give a Secondino charge as requested. This request concerned the claimed defendant's failure to produce witnesses on the subject of his investigation of the defect in the highway after receipt of the statutory notice. The short answer to this claim is that the identity of the desired witnesses is not disclosed, but more importantly, there is no showing that such witnesses were available for production.
The motion to set aside the verdict is denied.
BELINKIE, STATE TRIAL REFEREE. CT Page 1195
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1196
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1197
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1198
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1199