[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a prejudgment remedy consisting of an attachment of real estate owned by the defendants Richard and Kelliann Bradley. In November, 1985, the plaintiff entered into a one-year lease as landlord with a corporate tenant, C'Est Magnifique, Inc. The defendants and a third person signed a guaranty of the tenant's performance under the lease.
The lease contained two renewal options, the first for five years and the second for three years. In January, 1987, the tenant gave notice of its intent to renew the lease. In March, 1987, the plaintiff, the defendants and the third guarantor of the original lease all signed a letter confirming the renewal. The letter referred to the section in the lease which stated that the renewals would be "on the same terms and conditions herein." Neither the defendants nor the third guarantor signed a new guarantee for the five-year lease renewal.
In order to obtain a court order for a prejudgment remedy, the plaintiff must demonstrate probable cause to sustain the validity of its claim. Conn. Gen. Stat. 52-278d(a). The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Association, Inc. v. Lusk Corporation, 172 Conn. 577,584 (1977). "Probable cause is a flexible common sense standard. It is not necessary that a belief is correct or more likely true than false." Three S. Development Company v. Santore, 193 Conn. 174,175 (1984). The function of the court is "to determine probable success by weighing probabilities." Michael Papa Associates v. Julian, 178 Conn. 446, 447 (1979).
The evidence presented by the plaintiff shows that the lease was renewed in March, 1987 for an additional five year term on the same terms and conditions of the original lease. The tenant, CT Page 5731 C'Est Magnifique, Inc., breached the lease by abandoning the premises in April, 1990 and by failing to compensate the plaintiff for its resulting losses. The plaintiff has been unable to re-rent the premises and seeks a prejudgment remedy for $86,500.00. representing the unpaid rent and other charges due from the tenant through February, 1992, when the lease renewal expires, plus attorneys' fees.
The defendants assert that there is no probable cause to sustain the validity of the plaintiff's claim, principally on the basis that the guaranty signed by the defendants in 1985 does not apply to the five-year renewal of the lease. Apparently there are no Connecticut cases ruling on the issue whether a guarantee of a lease is enforceable with respect to a renewal of the lease pursuant to an option contained in the original lease.
The defendants acknowledge that there is a split of authority in other jurisdictions on this issue and ask this court to adopt the Florida rule, as set forth in Zero Food Storage, Inc. v. Udell, 163 So.2d 303 (Fla.App. 1964). The court in that case held that a guaranty of a lease for a specific term does not continue into a successive term.
Zero Food Storage is distinguishable from this case, however. The lease at issue there automatically renewed itself unless the tenant gave notice to the contrary. The landlord was therefore making the difficult claim that even though the tenant took no affirmative action to renew the lease and there was no notice of the renewal to the guarantors, the guarantors nevertheless remained liable the current facts are significantly different,
The defendants here were well aware of the exercise by C'Est Magnifique, Inc. of the five-year option to renew. They personally signed the letter agreement confirming the exercise of the renewal option and noting that it was on the same terms as the original lease. The interpretation of a guaranty centers on the intention of the parties. Connecticut National Bank v. Foley,18 Conn. App. 667, 670 (1989). It is clear that the landlord's intention was that the guaranty extended to the renewal term. The landlord specifically wanted all three of the guarantors to sign the renewal letter and they did. There is probable cause that the defendants had the same intention. Given that the tenant under the lease was C'Est Magnifique, Inc., a corporation, the personal signatures of the defendants and the third guarantor could only have been for the purpose of confirming the applicability of the guaranty to the renewal term. This was the parties' intention.
With one exception, the defendants' remaining claims of lack of probable cause are without merit. First it is not necessary that there be an acceleration clause in the lease in order for the CT Page 5732 plaintiff to claim lost rent for the balance of the term as damages. A lease is a contract, the breach of which gives rise to an action for damages resulting from the breach. In an action for breach of a lease, the amount of rent agreed to by the parties is a proper measure of damages. Rokalor, Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384 389-390 (1989). Secondly the landlord presented sufficient evidence that it has tried to mitigate damages. Thirdly, the landlord is entitled to monthly rent plus allocated real estate taxes and CAM charges under the terms of the lease.
The defendants' contention that the plaintiff is not entitled to an award of attorneys' fees for this action does have merit. Paragraph 10(c) of the lease obligates the defendants to pay the plaintiff's attorneys' fees only in connection with regaining possession of the premises, not in an action such as this one for damages for breach of lease.
The court finds probable cause to sustain the validity of the plaintiff's claim in the amount of $72,800.00, representing the balance of rent and other charges due under the lease through February 1992 less a credit for the tenant's security deposit.
Vertefeuille, J.