[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER FOR FURTHER HEARING
CT Page 11208
This is an action for unpaid rent, use and occupancy and related contractual damages resultant from the defendants' non-payment of rent and vacating the premises prior to the expiration of the term of the parties' lease.
In its Amended Complaint, plaintiff Banyan Holdings Limited Partnership recites the substance of the controversy and identifies the parties. Defendant Timothy Loughlin is President of defendant Bankers Search, Inc., an executive personnel agency specializing in the recruitment and referral of candidates for employment in the banking industry. Pursuant to the lease, dated June 14, 1984, Bankers Search, Inc. rented office space on the premises known as 388 East Main Street, in Branford, Connecticut, within which to conduct its business.
The lease described the space on the premises as "2nd floor — North Side." The initial term of the lease encompassed the period from July 1, 1984 to July 1, 1986. Defendant Timothy Laughlin signed the lease on behalf of Bankers Search, Inc. Furthermore, Timothy Laughlin signed a personal guarantee which reads in part as follows:
 In consideration of the letting of the premises within described . . . the undersigned hereby guarantees to the landlord, its . . . successor and assigns . . . the payment . . . of the rent . . . and the performance of . . . the provisions of the within lease
and any renewals thereof, and any and all damages that may accrue by reason of the non-fulfillment thereof. . . .
(Emphasis added.)
On May 28, 1986, defendant Bankers Search, Inc. and Atlantic Realty, predecessor to the plaintiff, signed a one-page agreement which extended the 1984 lease from July 1, 1986 to July 1, 1988. The remaining material provisions of the lease were not changed. CT Page 11209
On or about June 21, 1988 Banyan Holdings Limited Partnership and Timothy Loughlin as President of Bankers Search, Inc. signed a multiple page lease which covered the term of July 1, 1988 through June 30, 1991. The lease described the premises as "480 s.f. on the 2nd floor of 388 E. Main St., Branford, also defined as Suite 13." The signing ceremony attending the execution of this lease did not include Timothy Loughlin's execution of a separate signature of personal guaranty. The 1988 lease was extended on several occasions for additional terms by letters of agreement signed by Timothy Loughlin as President of Bankers Search, Inc. The last such letter, dated April 29, 1992, called for the term to expire on April 30, 1994, and set the monthly rent for the ending year at $700.00.
Timothy Laughlin's personnel business was adversely affected by layoffs in the banking industry in Connecticut during 1993 and 1994. In December of 1993 defendant Bankers Search, Inc. stopped making rental payments. Defendant Timothy Loughlin informed the plaintiff of his financial difficulties and requested a modification in the lease from an annual term to a month-to-month term.
By letter, dated February 16, 1994, from plaintiff's counsel, the corporate defendant was informed of a rental and cost delinquency of $2,145.00. Furthermore, the letter advised the corporate defendant that the plaintiff has elected to terminate its right of possession and to seek damages. In addition, the letter informed the defendant that it could avoid further legal proceedings by paying $3,575.00, and relinquishing the premises.
Defendant Bankers Search, Inc. vacated the premises on or about March 1, 1994. Despite its efforts to mitigate damages, the plaintiff did not find a new tenant until the end of June 1994. Accordingly, the plaintiff claims $3,500.00 as damages for unpaid rent for the months of December 1993, January 1994, February 1994, and use and occupancy for the months of March and April of 1994 at the rate of $700.00 per month. In addition, the plaintiff is seeking $60.00 in agreed upon copying expenses; $470.48 in interest thorough May of 1995, as well as an undetermined amount as counsel CT Page 11210 fees incurred as a result of the defendants' breach of the lease.
It is virtually undisputed that corporate defendant Bankers Search, Inc. is responsible for unpaid rent, use and occupancy and contract damages, including costs and counsel fees resultant from its breaching the lease by not paying the rent for the balance of the leasehold. The principal issue in this case affects Timothy Loughlin in his individual capacity. In this regard, the principal issue is whether by signing the personal guaranty attached to the lease executed in 1984, defendant Timothy Loughlin personally guaranteed the obligations and performance of defendant Bankers Search, Inc. under its lease executed on or about June 21, 1988, as well as under the extensions which continued the leasehold through April of 1994.
Having reviewed the evidence, including the testimony of the witnesses, and having reviewed the parties' authorities cited in their post-hearing memoranda, the Court finds that Timothy Loughlin is not responsible personally for the liability of Bankers Search, Inc. in this case. In this regard, the Court finds most credible defendant Timothy Loughlin's testimony that the space occupied by Bankers Search, Inc. under the lease dated June 14, 1986 was situated on the front portion of the office building known as 388 East Main Street in Branford, Connecticut; whereas, the space occupied by Bankers Search, Inc. under the lease executed on or about June 21, 1988, was situated on the back portion of said building. The Court finds that the spaces were separate and distinct office spaces. The Court further finds that the lease executed on or about June 21, 1988 is a comprehensive and separate document. Accordingly, the Court finds that the leases for such spaces are separate and that the latter is not a renewal of the former. Further, the Court finds that the language of the guaranty for the "within lease and any renewals thereof" refers to the 1984 lease and not to the 1988 lease. In addition, the Court finds that the individual defendant did not intend for the latter lease to be a renewal of the former lease. See Village Linc Corporation v.Children's Store, Inc. 31 Conn. App. 652, 658-660
(1993). CT Page 11211
From the evidence adduced at the trial the Court finds that a judgment should enter against only the corporate defendant. Inasmuch as the Court reserved deciding the amount of counsel fees until deciding liability, the Court hereby orders that the parties and/or their counsel appear on Thursday, September 21 at 9:30 a.m. in Courtroom 6, Superior Court, 121 Elm Street, New Haven, Connecticut, for the purpose of being heard as to the awarding of counsel fees. Furthermore, the Court will entertain at the hearing argument as to the awarding of interest.
Clarance J. Jones, Judge