[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
CT Page 277
This case comes before the court on the plaintiff's application for a prejudgment remedy to secure the sum of $1,200,000.00. The plaintiff claims that the defendant, her adoptive father, sexually abused, sexually exploited and sexually assaulted her when she was between the ages of six and thirteen. The plaintiff claims that she suffered serious injuries as a result of the sexual abuse thereby incurring medical bills for care and treatment. Additionally, she claims that she may continue to incur medical bills for treatment. The defendant objected to the plaintiff's application, and has argued the following legal defenses:
 a. The case is governed by New York law and is thus long barred by the statutes of limitations;
 b. The 17-year statute of repose contained in Connecticut General Statutes Section 52-577d is unconstitutional as applied to this defendant given the serious health condition that compromises his ability to defend himself.
The plaintiff testified at the hearing on the prejudgment remedy application concerning the ways in which she was sexually abused by the defendant. She testified that her father, the defendant, sexually abused her by kissing her and putting his tongue in her mouth, fondling her vagina while bathing her, sucking on her fingers, rubbing her chest, kissing her on the neck, and making inappropriate statements of a sexual nature to her. The plaintiff offered photographs and medical records to support her allegations of sexual abuse.
The plaintiff has undergone multiple hospitalizations for psychiatric and drug and alcohol problems. A pre-admission record from the Rockwell Center, dated October 23, 1991, contains a statement by the intake person, Dr. William Knorr, that the plaintiff revealed that she had been sexually abused by her father. A discharge summary from Silver Hill Hospital dated November 4, 1994 indicated that a great deal of time was spent in family sessions trying to get objective documentation to back up her incest allegations. The discharge summary indicates that the plaintiff's grandparents and mother stated that "many times her stepfather CT Page 278 had spent an inordinate and inappropriate amount of time in her bedroom saying goodnight to her. There was a time when she was 12 that she refused to go home after a summer, complaining that her father had been very mean to her and was doing `bad things' to her. We explored other incidents in which all the adults claimed that the stepfather had been abusive and sadistic to the patient at the dinner table, commenting on her eating habits and forcing her to eat certain foods." The alleged sexual abuse is also alluded to in the discharge summary from Hall-Brooke Hospital in April, 2000. Although the photographs are not dispositive of the issue, one photograph (plaintiff's exhibit A) demonstrates odd, if not bizarre, behavior on the part of the defendant towards the plaintiff as a child. The plaintiff appears to be quite distressed. Both the medical records and the photographs tend to support the plaintiff's allegations.
Defendant offered affidavits by his three older daughters. They claim to have never been abused by the defendant. Furthermore, they claim to have never witnessed any abuse of the plaintiff by the defendant. Each of the young women states that her father is a highly principled man. They are all adamant in their expressions of disbelief concerning the plaintiff's allegations. The older daughters, based on their affidavits, are well-educated and well-adjusted. The plaintiff on the other hand has a history of drug abuse. She has admitted stealing from her mother and grandparents to obtain money for drugs.
 DISCUSSION
The standards for the granting of a prejudgment remedy are well known. General Statutes Section 52-278d (a) requires the court to determine "whether or not there is probable cause that a judgment in the amount of the prejudgement remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counter claims or set-offs will be rendered in the matter in favor of the plaintiff." C.G.S. Section 52-278d (a)." It is important to remember that the plaintiff does not have to establish that [s]he will prevail. Only that there is probable cause to sustain the validity of the claim.Village Linc Corporation v. Children's Store, Inc., 31 Conn. App. 652,657, 626 A.2 813 (1993), citing Dow and Condon, Inc. v. Anderson,203 Conn. 475, 479, 525 A.2 935 (1987). "The legal idea of probable cause is a bonafide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.Corsino v. Telesca, 32 Conn. App. 627, 631, 630 A. 2 154, cert. denied227 Conn. 931, 632 A.2 703 (1993); Wall v. Toomy, 52 Conn. 35, 36
(1884). Probable cause is a flexible commonsense standard. It does not demand that a belief be correct or more likely true than false. CorsinoCT Page 279v. Telesca, supra., citing Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535,75 L.Ed.2d 502 (1983). The court finds that there is probable cause that judgment in the amount of the prejudgment remedy requested will be rendered in the matter in favor of the plaintiff
 THE DEFENSES
Neither the testimony nor the evidence support the defendant's claim that this case is governed by New York law and thus barred by the statute of limitations. The plaintiff testified that the abuse occurred both in New York where she lived five days out of seven and in Connecticut at her grandparents' home. The plaintiff claims that she and her parents went to her grandparents' home in Connecticut almost every weekend when she was a child. She stated that she spent summers in Connecticut. Under those facts, Connecticut law is applicable.
The defendant argues that he is unconstitutionally deprived of due process because he is ill and cannot appear in court to defend himself. He contents that the hearing should not go forward for that reason. InGiordano v. Giordano, 39 Conn. App. 183, 194, 664 A. 2 1136 (1995), the appellate court, citing Sassone v. Lepore, 226 Conn. 773, 781, 629 A. 2357 (1993), voted that procedural due process claims are analyzed in a three-part test: "That test requires a consideration of `the private interest that will be affected by the official action,' `the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards,' and `the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" (Citations omitted). Applying the test, the Giordano court held "the defendant has an adequate forum in which to be heard and there are sufficient procedural safeguards to ensure that the defendant's due process rights will not be violated. The pre-deprivation hearing was an adversarial hearing, the defendant submitted a written objection to the plaintiffs' prejudgment remedy application, and he had the opportunity to make his argument to the court, to testify himself, and to present witnesses. Moreover, at the trial on the merits of the plaintiffs' case, at which the plaintiffs must sustain a higher burden of proof than required of the pre-deprivation hearing, the defendant will again have the opportunity to be heard and to present his case. We, therefore, conclude that the requirements ofMatthews v. Eldrich, supra, 424, U.S. 334-35, as modified by Connecticutv. Doehr, supra, 501, U.S. 11, are satisfied." Giordano v. Giordano, supra, at pg. 195. The defendant argues that this case is different fromGiordano because the defendant in this case is very ill and, having suffered strokes, may not be able to testify. In Moen v. Baransky, Docket No. CV96-0054578, Judicial District of Milford (October 10, 1996, CT Page 280Skolnick, J.), held that defendant is not deprived of his due process rights because he is the executor of the estate of the alleged tort-feasor. Citing Connecticut General Statutes Section 52-599, Judge Skolnick noted that a cause of right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. He indicated that it is the plaintiff who has the burden of proving that the defendant sexually abused her, and that the defendant executor would have the opportunity, inter alia, to present evidence of the plaintiff's motive and to attack her credibility through the testimony of other witnesses. "Therefore, this court does not believe that the defendant will be thwarted in his effort to offer a defense to the present action to the extent that the plaintiff should suffer summary defeat of her legislatively authorized action." Moen v. Baranksy, supra. In later addressing "equal protection" argument in the same case, Judge Corradino held that section 52-57 (d) did not violate the defendant's right to equal protection of the law.
"The general rule as stated in State v. Campbell, 224 Conn. 168, 186,617 A.2 889 (1992) is that `social and economic legislation will generally be held to violate the equal protection clause only if the classification drawn by the statute is not rationally related to a legitimate state interest.' Obviously, the state's interest in affording protection to this category of abused individuals is no less merely because the alleged wrongdoer happens to be deceased . . . The only claim here is that a fundamental right is affected by Section 52-577d and it is an attempt to deprive the defendant of its right to property. (citations omitted) . . . Where the law affects a fundamental law it passes muster only if it is `narrowly tailored to serve a compelling state interest', (citations omitted) . . . But even if a `fundamental right' analysis is applied and a strict scrutiny standard is used requiring that a statute must be narrowly tailed to serve a compelling state interest, Section52-577 (d) does not violate equal protection. There is a compelling state interest involved and the state has as much interest in affording remedies protecting that interest to claimants whose alleged abusers are alive at the time of suit as those that are dead." Moen v. Baransky, Docket No. CV96-054785, Judicial District of Ansonia-Milford at Milford (May 2, 1977, Corradino, J.).
Judge Corradino suggested that a case could arise in which a defendant is mentally incompetent at the time of the suit. Nevertheless, as he indicated, Section 52-577 (d) is as narrowly drawn as it could be possibly drawn to protect the compelling state interest which a statute like Section 52-577 (d) is meant to advance.
For the above stated reasons, the court grants the plaintiff's CT Page 281 application for a prejudgment remedy.
GALLAGHER, J.